IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOE BOY, a/k/a CLINTON FRENCH a/k/a CHRISTOPHER WILLIAMS CLEMONS, a/k/a CHRIS CLEMONS, a/k/a CHRIS COLLINS,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. A. No. 13-1393-GMS<br>) Cr. A. No. 99-82-GMS<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM**

### I. BACKGROUND

In March 2000, a federal jury convicted movant Chris Clemons ("Clemons") of knowingly possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and knowingly carrying a semi-automatic pistol during, and in relation to, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (D.I. 80 at 4) The Honorable Roderick R. McKelvie sentenced Clemons to a total of 300 months of incarceration, followed by six years of supervised release. The Third Circuit Court of Appeals affirmed Clemons' convictions and sentence. *Id.* at 4-5.

Clemons filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 55; D.I. 61; D.I. 65) In March 2006, the Honorable Kent A. Jordan denied the § 2255 motion as meritless. (D.I. 80; D.I. 81) Thereafter, the case was assigned to the undersigned's docket. Clemons then filed a motion for reargument, which this court denied. (D.I. 85; D.I. 91) Clemons appealed the denial of his § 2255 motion, which the Court of Appeals

for the Third Circuit dismissed. (D.I. 92; D.I. 95)

On August 5, 2013, Clemons filed a new § 2255 motion. (D.I. 119) Citing the recent Supreme Court decision *Alleyne v. United States*, 133 S.Ct. 2151 (2013), Clemons argues that the 240 month sentence imposed for his conviction on count one of the indictment deprived him of his Sixth Amendment right to a jury trial, because the sentence was based on facts "neither pled to, nor found true by a jury beyond a reasonable doubt." (D.I. 119 at 7).

## II. STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive motion under 28 U.S.C. § 2255 without first seeking and receiving approval from the appropriate court of appeals. *See* 28 U.S.C. § 2255 (h); 28 U.S.C. § 2244(b)(3)(A); Rule 9, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. Absent such authorization, a district court lacks jurisdiction to consider the merits of a subsequent § 2255 motion. *See* 28 U.S.C. § 2244(b)(4); *Pelullo v. United States*, 487 F. App'x 1, 2 n.2 (3d Cir. 2012); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The instant § 2255 motion is Clemons' second request to vacate the sentence imposed for his convictions in 2000, and his first § 2255 motion was denied as meritless. The record does not contain any indication that Clemons obtained an order from the Third Circuit Court of Appeals allowing this court to consider the instant second or successive § 2255 motion. Therefore, the court will dismiss the instant motion for lack of jurisdiction.[1] *See* 28 U.S.C. § 2244(b)(1);

---

[1] Clemons may, of course, seek permission from the Third Circuit Court of Appeals to file a second or successive § 2255 motion in this court.

2

*Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(if a movant files a second or successive motion "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the [motion] or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

The court will also decline to issue a certificate of appealability because Clemons has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. CONCLUSION

For the aforementioned reasons, the court concludes that Clemons' § 2255 motion constitutes an unauthorized second or successive § 2255 motion under 28 U.S.C. § 2255(h) and § 2244. Accordingly, the court will dismiss Clemons' § 2255 motion for lack of jurisdiction. A separate order will be entered.

Nov 14, 2013
DATE

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOE BOY, a/k/a CLINTON FRENCH a/k/a CHRISTOPHER WILLIAMS CLEMONS, a/k/a CHRIS CLEMONS, a/k/a CHRIS COLLINS,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. A. No. 13-1393-GMS<br>) Cr. A. No. 99-82-GMS<br>)<br>)<br>)<br>)<br>) |

**ORDER**

At Wilmington this 19th day of Nov., 2013;

For the reasons set forth in the accompanying Memorandum issued this date, IT IS HEREBY ORDERED that:

1. Movant Chris Clemons' unauthorized second or successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.I. 119) is **DISMISSED** and the writ is **DENIED** for lack of jurisdiction.

2. The court declines to issue a certificate of appealability.

3. The clerk shall mail a copy of this memorandum and order to Clemons at his address on record. *See* Rule 4, 28 U.S.C. foll. § 2255. The clerk is also directed to close the case.

_____
CHIEF, UNITED STATES DISTRICT JUDGE